# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CR-18-36-M ) |
| JESSE MANQUAN YARCLAY, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant Jesse Manquan Yarclay's Motion for Revocation of Order of Detention, filed June 7, 2018. On June 14, 2018, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

Defendant brings this motion pursuant to 18 U.S.C. § 3145(b). That section provides, in pertinent part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. §3145(b). The standard of review for the district court's review of a magistrate judge's detention order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1). The Bail Reform Act further provides, in pertinent part:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of

> the person as required and the safety of any other person and the community, take into account the available information concerning–
> > (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> > (2) the weight of the evidence against the person;
> > (3) the history and characteristics of the person, including –
> > > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> > (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.
> > . . .

18 U.S.C. § 3142(g).

The Court has carefully reviewed the parties' submissions, the transcript of the preliminary/detention hearing, and the Pretrial Services Report. Upon de novo review, the Court finds that there are no conditions or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person and the community. Specifically, the Court finds the nature and circumstances of the offenses in this case support detention. Defendant is charged with bank fraud and conspiring to commit bank fraud, aggravated identity theft, and being a felon in possession of a firearm – all very serious offenses. The fraud charges involve a scheme that took place over several months where defendant and others allegedly defrauded at least six banks causing a significant financial loss. Further, at least two firearms were seized from inside defendant's RV in July 2017, and in February 2018, one firearm was seized

from inside defendant's truck, and three firearms were seized from inside defendant's RV. Additionally, the Court finds that the weight of the evidence against defendant is substantial. The majority of the transactions where defendant is alleged to have negotiated a fraudulent check using a false identification document is captured on bank surveillance, and a significant amount of contraband and evidence has been seized from defendant. The Court finds this substantial evidence weighs in favor of detention.

Further, the Court finds defendant's history and characteristics support a finding of detention in this case. Defendant appears to live a somewhat transient lifestyle and has no significant ties to Oklahoma. While defendant has a daughter in Oklahoma, defendant's relationship with his girlfriend (the daughter's mother) appears to be somewhat strained. Defendant also has previously sustained a conviction for similar conduct to that at issue in the instant case. Finally, the Court finds that defendant's release poses a danger to the community. Defendant had an opportunity to withdraw from criminal conduct after officers initially seized contraband in July 2017; however, it appears that almost immediately defendant returned to defrauding banks in Oklahoma. Additionally, defendant's unlawful possession of firearms demonstrates a real threat of danger to the community.

Accordingly, the Court DENIES defendant's Motion for Revocation of Order of Detention [docket no. 86].

**IT IS SO ORDERED this 21st day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE